CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 14 2011

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| JONAH JUNIOR MEREDITH III, | ) | Civil Action No. 7:11CV00275 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| BERRY, | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Respondent. | ) | |

Jonah Junior Meredith III, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his confinement under the October 2010 judgment of the Nelson County Circuit Court, convicting him of forgery and uttering and sentencing him to five years imprisonment. Because it is clear from the face of his petition that he has available state court remedies, the court concludes that the petition must be summarily dismissed without prejudice.[1]

Meredith states that he was sentenced in the state court on October 27, 2010 and that his appeal to the Court of Appeals of Virginia was denied on May 16, 2011. He states that he did not then seek further review by a higher state court, such as the Supreme Court of Virginia,[2] and did not file any state petition for a writ of habeas corpus concerning the challenged convictions. He alleges that his attorney should have conducted additional pretrial investigation, and as relief, he seeks an appeal and appointment of new counsel.

---

[1] Meredith filed a previous § 2254 petition challenging the same conviction, Case No. 7:11CV00248, which was dismissed without prejudice, by opinion and order entered June 2, 2011, for failure to exhaust state court remedies.

[2] Meredith states that the Court of Appeals of Virginia is the highest court to which he can appeal his conviction. This statement is correct to the extent that his thirty-day opportunity to appeal the May 16, 2011 ruling of the Court of Appeals to the Supreme Court of Virginia has now expired.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

It appears from Meredith's submissions that he could bring his claims of ineffective assistance of counsel in a timely state habeas petition in the Nelson County Circuit Court, with a subsequent opportunity to appeal to the Supreme Court of Virginia. See Va. Code Ann. § 8.01-654(A); §17.1-406(B). In the alternative, he could present these claims in a timely state habeas petition directly to the Supreme Court of Virginia. Va. Code § 8.01-654(A). Meredith complains that he no longer has counsel. This fact does not extinguish the requirement that he exhaust state court remedies before bringing his claims to this court under § 2254. Because he has these available state court remedies, this court cannot yet address the merits of his claims and must, instead, dismiss the petition without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[3] See Slayton v. Smith, 404 U.S. 53 (1971) (requiring federal court to dismiss unexhausted § 2254 petition without prejudice). An appropriate order will issue this day.[4] The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This *17th* day of June, 2011.

_____
United States District Judge

---

[3] Pursuant to Rule 4, the court may summarily dismiss a § 2254 petition where "it plainly appears from the face of the petition and any annexed exhibits" that petitioner is not entitled to relief.

[4] Meredith may refile his federal habeas petition if he is still unsuccessful in obtaining relief **after** presenting his claims to the Supreme Court of Virginia.